UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH CARTER,

v.

WARDEN LONG.

No. 3:25-cv-1141 (VAB)

**INITIAL REVIEW ORDER**

The Prison Litigation Reform Act requires that federal courts review complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Mr. Carter asserts this action under 42 U.S.C. § 1983 against the Warden of Hartford Correctional Center ("HCC"), Warden Long. Because he seeks both damages and injunctive relief, the Court assumes Mr. Carter has sued Warden Long in both her individual and official capacity.

For purposes of initial review, the Court considers the following facts alleged in the Complaint to be true. Mr. Carter alleges that, while he has been incarcerated at HCC, "rodents have invaded [his] space and property," including his food locker, and allegedly Warden Long is "very well informed of the grave infestation of rodents," but has failed to protect inmates from the rodents.

Because Mr. Carter is a pretrial detainee, his Complaint raises a claim of Fourteenth Amendment violation of deliberate indifference to his health and safety. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (deliberate indifference); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). Such a claim involves analysis of two prongs: (1) an objective prong, which requires a plaintiff to show "the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process"; and (2) a subjective or "mens rea"

prong, which requires a plaintiff to show that the defendant "acted with at least deliberate indifference to the challenged conditions." *Darnell*, 849 F.3d 17, 29. With respect to the objective prong, the plaintiff must show that the conditions he experienced "either alone or in combination, pose[d] an unreasonable risk of serious damage to his health." *Id.* at 30. With respect to the second prong, "the pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. Negligence is insufficient to satisfy this component. *Id.* at 36 (detainee must show that defendant acted recklessly or intentionally, not merely negligently).

  Here, Mr. Carter's allegations about vermin in his cell satisfy the objective prong at this stage of the case. *See Edwards v. Arocho*, 125 F.4th 336, 351 (2d Cir. 2024) (concluding "that the allegations that [the plaintiff] was compelled to live in a prison cell coated in black mold and overrun by vermin are enough to establish an objective deprivation that posed a serious health *risk*") (emphasis in original). As for the subjective prong, Mr. Carter alleges Defendant Long is "very well informed" about the issue. Although these allegations border on the conclusory, they are sufficient to survive initial review. *See Phelps v. Kapnolas*, 308 F.3d 180, 184 (2d Cir. 2002) (reversing district court's decision to dismiss allegations about subjective knowledge as conclusory); *see also Edwards*, 125 F.4th at 352 (considering information contained in the plaintiff's grievances to conclude that the plaintiff adequately pleaded that the defendants had the requisite knowledge).

Accordingly, for purposes of initial review, Mr. Carter's allegations are sufficient to proceed on a Fourteenth Amendment deliberate indifference claim against Defendant Long.

The Court enters the following orders:

(1) The case shall proceed on Mr. Carter's Fourteenth Amendment deliberate indifference claim against Defendant Long in her individual and official capacity.

(2) The Clerk of Court shall verify the current work address for Defendant Long with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint and attachments to her at his confirmed addresses by **November 21, 2025**, and report on the status of the waiver request by **December 5, 2025**. If Defendant fails to return the waiver request, the Clerk of Court shall make arrangements for in-person individual capacity service by the U.S. Marshals Service on Defendant, and Defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) The Clerk of Court shall send a courtesy copy of the Complaint and this Order to the DOC Office of Legal Affairs and the Office of the Attorney General.

(4) Defendant shall file a response to the Complaint, either an Answer or motion to dismiss, by **February 13, 2026**. If Defendant chooses to file an Answer, Defendant shall admit or deny the allegations and respond to the cognizable claims recited above. Defendant may also include any and all additional defenses permitted by the Federal Rules.

(5) Discovery, according to Federal Rules of Civil Procedure 26-37, shall be completed by **June 26, 2026**. Discovery requests need not be filed with the court.

(6) The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures," which will be sent to both parties by the court. The Order can also be found at http://ctd.uscourts.gov/administrative-standing-orders.

(7) All motions for summary judgment shall be filed by **July 31, 2026**.

(8) According to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If Mr. Carter changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. He must give notice of a new address even if he is incarcerated. He should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If he has more than one pending case, he should indicate all of the case numbers in the notification of change of address. He should also notify Defendant or defense counsel of his new address.

**SO ORDERED** at New Haven, Connecticut, this 31st day of October, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE